I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 6-4-08

DEPUTY CLERK

**FILED**

JUN I I 2008

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

LESLIE FRANK PAYNE,

      Plaintiff,

      v.

LEE BACA, et al.,

      Defendants.

Case No. CV 08-3509-PA (MLG)

MEMORANDUM AND ORDER DISMISSING DEFENDANTS BACA, CLAYBROOK DAFEEND AND EVERS WITH LEAVE TO AMEND

Plaintiff Leslie Frank Payne, who is currently a state prisoner incarcerated at the California State Prison in Lancaster, California, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on June 4, 2008. The complaint names as defendants Lee Baca, Sheriff of Los Angeles County;[1] Deputy Sheriff Bryant, Sgt. Evers; and Drs. Claybrook and Dafeend.  For the reasons set forth below, the complaint is **DISMISSED** as to all defendants but Bryant

---

[1] Plaintiff also names "Twin Towers", which the Court assumes as the Los Angeles County Jail, as a Defendant. As he cannot state a cause of action against a building, the Court will assume that he intended to name Sheriff Baca or the Sheriff's Department as the Defendant.

with leave to amend. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (*pro se* litigant should be given an opportunity to amend deficient pleadings unless it is clear that these deficiencies cannot be overcome).

## I.   The Facts

Plaintiff alleges that on January 25, 2008, he was being held at the Twin Towers jail facility in Los Angeles County. As far as the Court can ascertain, Plaintiff asserts that he requested medical treatment for a staph infection from Dr. Claybrook and Dr. Dafeend. Plaintiff claims that instead of providing him the treatment he sought, Plaintiff was placed in the suicide pod of the jail and administered some sort of medication. Plaintiff alleges that Sgt. Evers lied to him and told him that he was going to the hospital. He further alleges that Officer Bryant, who worked on the suicide pod, cuffed him behind his back and slammed his face into the corner of a wall.  Lee Baca and "Twin Towers" are named as Defendants in their supervisory capacity.  Plaintiff seeks $3,000,000.00 in damages.

## II.   Discussion and Analysis

### A.   Duty to Screen.

The Court has screened the Complaint prior to ordering service, for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).

The Court's screening of the Complaint under the foregoing statute is governed by the following standards. A complaint may be

dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the Plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

**B.   Plaintiff Has Failed To State A Claim Upon Which Relief May Be Granted Against Sheriff Baca or the Sheriff's Department.**

To the extent that Plaintiff is alleging that Sheriff Lee Baca or the Sheriff's Department is liable due to their supervisory role over the other defendants, he has failed to state a claim upon which relief may be granted. Supervisory officials are generally not responsible for the conduct of their subordinates on a theory of vicarious liability in civil rights actions brought under 42 U.S.C. § 1983. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001); *Bibeau v. Pacific Northwest Research Foundation, Inc.*, 188 F.3d 1105, 1114 (9th Cir. 1999); *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). A supervisory official may be liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or

1  if there was a sufficient causal connection between the supervisor's
2  wrongful conduct and the constitutional violation. *Jeffers*, 267 F.3d
3  at 915; *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th
4  Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989).

5      Here, Plaintiff has failed to allege the personal involvement
6  of Lee Baca in the acts giving rise to the alleged Constitutional
7  violation.  Instead, Plaintiff merely names him in the caption and
8  makes broad allegations of responsibility based upon his status as
9  Sheriff.  However, there can only be liability under § 1983 if there
10 is an affirmative link or connection between the defendant's actions
11 and the claimed injury. *Rizzo v. Goode*, 423 U.S. 362. 372-73 (1976).
12 Therefore, absent a showing of <u>personal</u> <u>involvement</u> in Plaintiff's
13 alleged injury or some causal connection between Baca's conduct and
14 the injury, there is no basis upon which Baca can be found liable
15 under § 1983.  Accordingly, Baca and "Twin Towers" must be dismissed
16 as defendants.

17      **C. <u>Plaintiff Has Failed to State a Cause of Action Against</u>**
18          **<u>Defendants Claybrook, Dafeend, or Bryant.</u>**

19      Plaintiff has similarly failed to state a cause of action
20 against Claybrook, Dafeend, or Bryant. Arguably, he is asserting two
21 claims here. One seems to involve his transfer to the suicide pod.
22 The second seems to involve the medical treatment he received.

23      It is well established that the Due Process Clause of the
24 Constitution does not provide a right to be incarcerated in a
25 particular prison or in the particular unit of a jail.  *Olim v.*
26 *Wakinekona*, 461 U.S. 238, 245 (1983), *White v. Lambert*, 370 F.3d
27 1002, 1013 (9th Cir. 2004). To the extent that Plaintiff is asserting
28 otherwise, he has failed to state a claim upon which relief can be

1  granted.

2    To the extent that the complaint be said to assert a
3  Constitutional claim arising from Plaintiff's medical treatment, the
4  complaint similarly fails to state a claim upon which relief may be
5  granted. Under the Eighth Amendment, the government has an obligation
6  to provide medical care for those incarcerated. *Estelle v. Gamble*,
7  429 U.S. 97 (1976). However, not every breach of that obligation is
8  of constitutional magnitude. In order to succeed on this claim,
9  Plaintiff must show "deliberate indifference to serious medical
10  needs." *Id.* at 104.

11    In the Ninth Circuit, the deliberate indifference test is
12  comprised of two parts. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.
13  2006); *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1991), *overruled*
14  *on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th
15  Cir. 1997) (en banc). Plaintiff must first show the existence of a
16  "serious medical need." "Examples of serious medical needs include
17  'the existence of an injury that a reasonable doctor or patient would
18  find important and worthy of comment or treatment; the presence of
19  a medical condition that significantly affects an individual's daily
20  activities; or the existence of chronic and substantial pain.'" *Lopez*
21  203 F.3d at 1131 (quoting *McGuckin,* 974 F.2d at 1059-60).

22    In addition, Plaintiff must show that the defendant's response
23  to this need was deliberately indifferent. *Jett*, 439 F.3d at 1096.
24  Prison officials may be deliberately indifferent to a prisoner's
25  serious medical needs when they delay, deny or intentionally
26  interfere with medical treatment. *Hamilton v. Endell*, 981 F.2d 1062,
27  1066 (9th Cir. 1992). Deliberate indifference exists only where the
28  prison official "knows of and disregards an excessive risk to inmate

1 health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994);
2 *accord Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996);
3 *McGuckin*, 974 F.2d at 1060 ("A defendant must purposefully ignore or
4 fail to respond to a prisoner's pain or possible medical need in
5 order for deliberate indifference to be established."). Under this
6 standard, neither an inadvertent failure to provide adequate medical
7 care, nor mere negligence or medical malpractice, rise to the level
8 of a constitutional violation. *Sanchez v. Vild*, 891 F.2d 240, 242
9 (9th Cir. 1989). Moreover, a plaintiff's disagreement with the type
10 and adequacy of the medical treatment that he was provided does not
11 rise to the level of a constitutional violation. *Estelle*, 429 U.S.
12 at 107 (complaint that a doctor has been negligent in treating a
13 medical condition does not state a valid claim under the Eighth
14 Amendment); *Jackson*, 90 F.3d at 332.

15      Here, it is apparent that Plaintiff believed he had a staph
16 infection.  On the other hand, Drs. Claybrook and Defeend, as well
17 as Sgt. Evers, concluded that he was suffering from a mental illness
18 which required that he be placed on a suicide pod. Even if erroneous,
19 Plaintiff has not alleged deliberate indifference to a serious
20 medical need.  Rather he has only expressed a disagreement as to the
21 diagnosis.  This is insufficient to state a claim upon which relief
22 may be granted.

23

24 **III. <u>Conclusion</u>**

25      After review and consideration of the Complaint, the Court finds
26 that it states a cause of action against Defendant Bryant for a
27 federal Constitutional violation, but fails to state a claim on which
28 relief may be granted as to the remaining Defendants.  Accordingly,

6

the Complaint is dismissed with leave to amend. If Plaintiff chooses to file a first amended complaint, he should provide facts supporting the allegations of misconduct against any other named defendant. Otherwise, the complaint will be ordered served only as to Deputy Bryant. It is hereby **ORDERED**:

1. All claims against Defendants Twin Towers, Sheriff Baca, Drs. Claybrook and Dafeend, and Sgt. Evers are dismissed with leave to amend as the complaint fails to allege a viable constitutional claim for violations of civil rights for the reasons stated above.

2. It is established that a *pro se* litigant must be given notice of the deficiencies of the complaint and an opportunity to amend the complaint to state a claim, unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). While it appears that Plaintiffs' supervisory liability claims are not viable, Plaintiff will be give an opportunity to demonstrate that he can state a viable claim. Accordingly, if Plaintiff wishes to pursue this action against the dismissed Defendant, he may file a first amended complaint within **thirty (30) days** of the date of this Order, remedying the deficiencies discussed below. The first amended complaint must set forth all of the facts which support Plaintiff's claims and may not refer to the original complaint. The first amended complaint should be captioned "FIRST AMENDED COMPLAINT," and should bear this case name. The first amended complaint must clearly identify the specific acts on which the claims are based. It should include the date, time, place, and circumstances of the offending conduct, the full details of what each defendant did or failed to do, and the damage

7

or injury suffered by Plaintiff as a result.

Plaintiff is cautioned that he is responsible for presenting factually accurate information to the court.   A knowing misrepresentation to the Court is punishable by sanction, including dismissal.

3.   If Plaintiff decides not to pursue this action as to the dismissed Defendants, he need not file anything in response to this Order and service will be ordered upon Bryant.

4.   Plaintiff is cautioned that the failure to timely file a first amended complaint will be construed by the magistrate judge as his consent to dismissal of this action as to the defendants and claims outlined above.

5.   The Court's deputy clerk shall serve on Plaintiff a copy of this memorandum and order and a blank civil rights complaint form bearing the case number assigned to this action and marked to show that it is a "First Amended Complaint."   If Plaintiff chooses to continue prosecuting this action, Plaintiff must use this form to the extent possible and not simply attach other documents to it and attempt to incorporate claims by reference to the attachments.   He may, however, attach additional pages to detail his allegations, if necessary.

**SO ORDERED**

Dated: June 10, 2008

Marc L. Goldman
United States Magistrate Judge

8