O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LESLIE FRANK PAYNE, ) | Case No. CV 08-3509-PA (MLG) |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | DISMISSING COMPLAINT WITHOUT |
| v. ) | PREJUDICE FOR FAILURE TO |
| ) | PROSECUTE |
| LEE BACA, et al., ) | |
| ) | |
| Defendants. ) | |

On June 4, 2008, Plaintiff Leslie Frank Payne, then a prisoner at the California State Prison at Lancaster, filed this complaint pursuant to 42 U.S.C. § 1983, asserting constitutional violations arising from an alleged denial of medical care while incarcerated at the Los Angeles County Jail. On June 11, 2008, Magistrate Judge Marc L. Goldman screened the complaint pursuant to 28 U.S.C. § 1915(e)(2), and dismissed the complaint with leave to amend. Plaintiff was given 30 days in which to file an amended complaint. That Order was served on Plaintiff and never returned to the Court.

On June 18, 2008, Plaintiff filed a notice of change of address with the Court. He informed the Court that he would be paroled on June 20, 2008 and would inform the Court of his new address. No new address has ever been provided to the Court.

On July 18, 2008, Magistrate Judge Goldman issued an order directing Plaintiff to show cause, on or before August 4, 2008, why the petition should not be dismissed for failure to prosecute, pursuant to Fed.R.Civ.P. 41(b) and L.R. 41-6. It was sent to Plaintiff's last known prison address. That order was not returned, but was never complied with.

This action shall be dismissed for failure to prosecute. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ferdik*, 963 F.2d at 1260-1261. *See also In re PPA Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. Plaintiff has been on parole since June 20, 2008, and has not notified the Court of his current address. He was

directed to file a first amended complaint no later than July 11, 2008, but failed to do so. Given Plaintiff's failure to comply with the court's orders, dismissal would not undermine the public policy favoring disposition of cases on the merits. Moreover, there is no identifiable risk of prejudice to Defendants. Finally, in the absence of the ability to contact Plaintiff, there is no less drastic sanction available.

In addition, L.R. 41-6 requires that a party appearing *pro se* keep the court informed of any change of address. Petitioner notified the Court on June 18, 2008 that he was about to be released from prison, but has not informed the Court of his current whereabouts. Under these circumstances, there is no way that the case can move forward.

Accordingly, dismissal of this action without prejudice for failure to prosecute is warranted.

IT IS SO ORDERED.

Dated:    August 18, 2008

Percy Anderson
United States District Judge

Presented By:

Marc L. Goldman
United States Magistrate Judge

3